From W. E. Shaffer, Lock Haven, Pa.

## Snyder's Estate

*John M. Snyder*, for exceptants; *B. F. Warfel* and *John M. Klepser*, contra.

PATTERSON, P. J., December 2, 1932.—Jacob G. Snyder died testate on April 2, 1931, leaving to survive him a widow and several children by a former marriage. On March 20, 1932, an appraisement of the widow's exemption was filed in the office for the probating of wills in and for Blair County, wherein the appraisers set apart at the request of the surviving widow, Rintha Snyder, "cash from the proceeds of the sale of real or personal estate, as the case may be, $500". Before the time advertised for confirmation of said appraisement the attorney for executors of Jacob Snyder, deceased, filed the following exception to said appraisement: "Now, June 21, 1932, this claim for exemption by the widow of Jacob Snyder, deceased, is excepted to for the reason that the said Rintha Snyder, widow, appropriated and converted to her own use one Buick automobile, the property of Jacob Snyder, deceased, of value in excess of $1,000, more than sufficient to pay her widow's exemption." This exception is now before this court for consideration.

The exceptants do not complain of any irregularities in the appraisement, neither do they deny that the widow is entitled by law to her exemption, but they complain that she has taken certain property which more than pays the amount of the exemption. The property alleged to have been appropriated consists of one Buick automobile, the ownership of which is claimed by the widow by virtue of a gift by the deceased to her during his lifetime, and while considerable testimony was taken in the form of depositions the deceased, over his own signature, furnishes the best evidence in support of the widow's ownership of said car. In October 1930 deceased certified in writing as follows:

"Altoona, Pa., October 20, 1930.

"This is to certify that the Buick purchased by me from Howard Feathers and now being paid for through the G. M. A. C. is the property of my beloved wife, Rintha Snyder, and, in the event of my decease this will authorize the issuance of the title in her name.          [Signed] JACOB SNYDER."

The exception raises a question of ownership of the automobile and cannot be used successfully to attack the right of the widow to her exemption. The only matter before us is to pass upon the widow's right to and regularity of the exemption, and the requirements as to this seem to have been fully complied

with. The widow claims cash to be realized from the estate. If the exceptants sustain their claim that the automobile did not belong to the widow, then it might be used as an offset against the payment of the amount of the exemption, but we cannot determine the question of ownership raised by the exception in the present proceeding.

The cases cited by counsel for exceptants relate to validity of gifts and might be properly submitted if this were an action to determine the ownership of the car in question, but since this proceeding is an exception to an appraisement we believe that they have no application here.

*Decree.*—Now, December 2, 1932, the exception to the widow's appraisement is dismissed and the appraisement is confirmed absolutely.

From Robert W. Smith, Hollidaysburg, Pa.